UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRUSTEES OF THE CONNECTICUT PIPE TRADES LOCAL 777 HEALTH FUND, et al, <br>     Plaintiffs, <br><br> v. <br><br> NORTHEAST MECHANICAL CORP., et al, <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br><br> CIVIL ACTION NO. <br> 3:05-cv-1529(JCH) <br><br><br> DECEMBER 8, 2006 |

**RULING RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. NO. 26]**

The plaintiffs, Trustees of the Connecticut Pipe Trades Local 777 Health Fund, Local 777, Connecticut State Pension Fund, Apprentice Training Fund, Industry Fund, Trustees of the Plumbers & Pipefitters National Pension Fund and Trustees of the Plumbers & Pipefitters International Training Fund (referred to collectively herein as "National Funds"), have brought this action to collect contributions owed by the defendants, Northeast Mechanical Corporation and Walter Zaman, to the employee benefits fund. The action is brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

Trustees of the Plumbers & Pipefitters National Pension Fund and Trustees of the Plumbers & Pipefitters International Training Fund (referred to collectively herein as "National Funds") move for summary judgment against Zaman pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, the plaintiff's motion is DENIED.

**I.      STANDARD OF REVIEW**

In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38.  "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party."  Carlton, 202 F.3d at 134.  "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury.  Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

**II.     FACTS[1]**

National Funds is a multi-employer employee benefit plan as defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).  The funds are maintained in

---

[1] For the purposes of the instant motion, the court accepts facts undisputed by the parties as true and resolves disputed facts in favor of Zaman where he provides evidence to support his claims.

accordance with their governing Trust Agreements. Northeast Mechanical was doing business under the laws of the State of Connecticut, and transacted business as a contractor or subcontractor in the plumbing and pipefitting industry. Zaman was the President and a twenty-five percent shareholder of Northeast Mechanical from June 2003 through December 2004.

On August 19, 2002, Northeast Mechanical entered into a Collective Bargaining Agreement ("CBA") with Local 777. Pursuant to the CBA, Northeast agreed to pay contributions to the funds for each hour worked by employees covered under the CBA. Northeast also agreed to be bound by the terms of the Trust Agreements of National Funds. Northeast was and is delinquent in contributions to the National Pension Fund for the months of July 2003, January 2004, and March through November 2004; and to the International Training Fund for the months of January 2004 and March 2004 through November 2004.

The Trust Agreement that establishes the National Pension Fund defines the plan assets of the National Pension Fund as "such sums of money as have been or shall be paid to the Pension Fund by Employers as contributions by Collective Bargaining Agreements or signed stipulations." National Pension Fund Trust Agreement, Art. II, Sect. 2. The Trust Agreement establishing the International Training Fund defines the plan assets of the International Training Fund as "sums of money that have been or will be paid or which are due and owing to the Fund by the Employers as required by the Collective Bargaining Agreement. International Training Fund Trust Agreement, Art. II, Sect.2(1).

### III.     DISCUSSION

The only dispute between the parties is over whether Zaman had the requisite fiduciary status to warrant personal liability for Northeast Mechanical's unpaid contributions to National Funds.  Under ERISA, "a person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A).  An entity need only have "sufficient control over at least a part of the [plan] assets to create a fiduciary relationship." United States v. Glick, 142 F.3d 520, 528 (2d Cir.1998) 528.  As the Second Circuit has found, the term "fiduciary" includes persons who have authority and responsibility with respect to the matter in question, regardless of their formal title.  Thus, whether or not an individual or entity is an ERISA fiduciary must be determined by focusing on the function performed, rather than on the title held." Blatt v. Marshall & Lassman, 812 F.2d 810, 812 (2d Cir.1987).

Based on the evidence presented by the parties, the court finds that there is a material issue of fact regarding whether Zaman was a fiduciary of National Funds.  For instance, though Zaman was the President of Northeast Mechanical and a twenty-five percent shareholder, Elizabeth Gemma was the majority shareholder of Northeast Mechanical.  Zaman further contends that he received his daily operating instructions from Mrs. Gemma and Lenny Gemma regarding Northeast Mechanical's bill payments.  Zaman Depo. at 23.  Though whether an individual qualifies as a fiduciary is construed broadly in this Circuit, the court finds that, based on the evidence presented, reasonable persons could disagree as to whether Zaman was a fiduciary of National

4

Funds. The court therefore DENIES National Funds' Motion for Summary Judgment (Doc. No. 26), and the matter will be left for a jury.

**SO ORDERED.**

    Dated at Bridgeport, Connecticut this 8th day of December, 2006.

                                /s/ Janet C. Hall
                                Janet C. Hall
                                United States District Judge